ORDER
The following are before the court:
1. PLAINTIFFS-APPELLANTS’ MOTION FOR AN INJUNCTION PENDING APPEAL, filed on January 11, 2013, by counsel for the appellants.
*852 2. OPPOSITION TO PLAINTIFFS’ MOTION FOR AN INJUNCTION PENDING APPEAL, filed on January 17, 2013, by counsel for the ap-pellees.
3. PLAINTIFFS-APPELLANTS’ REPLY IN SUPPORT OF THEIR MOTION FOR AN INJUNCTION PENDING APPEAL, filed January 24, 2013, by counsel for the appellants.
Members of the Grote Family and their company, Grote Industries, appeal the district court’s order denying their motion for a preliminary injunction against the enforcement of provisions of the Patient Protection and Affordable Care Act (“ACA”) and related regulations that require Grote Industries to provide coverage for contraception and sterilization procedures in its group health-insurance plan.[1] They have moved for an injunction pending appeal. See Fed. RApp. P. 8. We recently granted such an injunction in a similar case. See Korte v. Sebelius, No. 12-3841, 2012 WL 6757353 (7th Cir. Dec. 28, 2012). As explained below, this ease is materially indistinguishable. Accordingly, we consolidate this case with Korte and likewise grant the motion here.
The Grote Family owns Grote Industries, a privately held, family-run business headquartered in Madison, Indiana. Grote Industries manufactures vehicle safety systems. The company has 1,148 full-time employees working at various locations and provides a group health-insurance plan for the benefit of its employees. The plan is self-insured and renews every year on January 1.
The members of the Grote Family are Catholic and operate their business in accordance with the precepts of their faith, including the Catholic Church’s teachings regarding the moral wrongfulness of abor-tifacient drugs, contraception, and sterilization. Consistent with the Grote Family’s religious commitments, before January 1, 2013, the Grote Industries health-insurance plan did not cover abortifacient drugs, contraception, or sterilization.
The ACA and accompanying regulations mandate that the Grote Industries health-insurance plan provide no-cost coverage for all FDA-approved contraceptives, sterilization procedures, and related services. In brief, the regulatory framework imposing this mandate is as follows: The ACA requires nongrandfathered and nonexempt group health-insurance plans to cover certain preventive health services without cost-sharing, see 42 U.S.C. § 300gg-13(a)(4), and regulations promulgated by the United States Department of Health and Human Services (“HHS”) specify that the required coverage must include all FDA-approved contraceptive methods and sterilization procedures, see 77 Fed.Reg. 8725 (Feb. 15, 2012) (“the contraception mandate” or “the mandate”). This includes oral contraceptives with possible abortifacient effect (including emergency contraception such as the “morning-after pill”) and intrauterine devices. See id.; Office Of Women’s Health, Food & Drug Admin., Birth Control Guide 10-12, 16-20 (2012), http://www.fda.gov/downloads/For Consumers/ByAudience/ForWomen/Free Publications/U CM282014.pdf.
*853 The contraception mandate takes effect starting in the first plan year after August 1,2012. See 77 Fed.Reg. at 8725-26. Because the Grote Industries health-insurance plan renews on January 1 of each year, the mandate required the company to begin covering oral contraception, sterilization procedures, intrauterine devices, and emergency contraception when the plan renewed on January 1, 2013. The mandate is backed by heavy financial penalties; employers who do not comply face enforcement actions, see 29 U.S.C. § 1132(a); a penalty of $100 per day per employee, see 26 U.S.C. § 4980D(a)-(b); and an annual tax surcharge of $2,000 per employee, see id. § 4980H.
The Grote Family and Grote Industries filed suit on October 29, 2012, seeking declaratory and injunctive relief blocking the enforcement of the contraception mandate against them. They assert constitutional claims under the Free Exercise, Establishment, and Free Speech Clauses of the First Amendment, and the Due Process Clause of the Fifth Amendment, as well as claims alleging violations of the Religious Freedom Restoration Act (“RFRA”), 42 U.S.C. §§ 2000bb to 2000bb-4, and the Administrative Procedure Act, 5 U.S.C. § 706. They moved for a preliminary injunction; the district court denied the motion on December 27, 2012. Grote Indus., LLC v. Sebelius, — F.Supp.2d -, 2012 WL 6725905, at *1 (S.D.Ind.2012).
The following day we issued our order in Korte granting the motion for an injunction pending appeal, 2012 WL 6757353, at *1, prompting the Grote Family and Grote Industries to request reconsideration in the district court. On January 3, 2013, the district court, aware of our decision in Korte, denied the motion for reconsideration. The court acknowledged the similarities between Korte and this case but declined to follow our order in Korte, emphasizing that it was not a precedential ruling on the merits. Grote Indus., LLC v. Sebelius, 2013 WL 53736, at *1 (S.D.Ind. Jan. 3, 2013). This appeal followed. See 28 U.S.C. § 1292(a)(1). As in Korte, the Grote Family and Grote Industries moved for an injunction pending appeal,[2] relying for present purposes solely on their RFRA claim.[3]
There is no material distinction between the motion in this case and the one we addressed and granted in Korte. There, we considered the likelihood of success of a claim brought by a secular, for-profit corporation owned and operated by *854 a Catholic family in accordance with the teachings of the Catholic faith. Korte, 2012 WL 6757353, at *1. The Kortes, like the Grote Family here, sued for declaratory and injunctive relief in the form of an exemption from the requirements of the contraception mandate. The Kortes’ company, K & L Contractors, provided a group health-insurance plan for its nonunion employees. In August 2012 the Kortes discovered that the plan included coverage for contraception and wanted to replace it with a plan that conforms to the requirements of their faith, but the contraception mandate prevented them from doing so. Id. They sued the HHS Secretary asserting (among other claims for relief) that the mandate violated their rights under RFRA. They moved for a preliminary injunction, but the district court denied the motion. The Kortes and their company (collectively, “the Kortes”) appealed. They asked us for an injunction pending appeal, and we granted the motion. Reserving plenary review for later in the appeal, we held that the Kortes had established a reasonable likelihood of success on their RFRA claim. Id. at *3-4. We also held that the equitable balance tipped in favor of granting the injunction; the harm to the Kortes’ religious-liberty rights outweighed the temporary harm to the government’s interest in providing greater access to cost-free contraception and related services. Id. at *4-5.
In all important respects, this case is identical to Korte; our analysis there applies with equal force here. If anything, the Grote Family and Grote Industries have a more compelling case for an injunction pending appeal. Unlike the health-insurance plan at issue in Korte, the Grote Industries health plan is self-insured and has never provided contraception coverage. Absent an injunction, the Grote Family and Grote Industries must now cover aboi’tifacient drugs, contraception, and sterilization through the company’s self-insured health plan. Thus, the only factual distinctions between the two cases actually strengthen the equities in favor of granting an injunction pending appeal.
And the legal analysis has not changed. The Grote Family and Grote Industries make essentially the same arguments as did the Kortes. They maintain that the legal duties imposed on them by the contraception mandate conflict with the religious duties required by their faith, and they cannot comply with both. The mandate, they contend, compels them to materially cooperate in a grave moral wrong contrary to the teachings of their church and levies severe financial penalties if they do not comply. In this way, they argue, the mandate substantially burdens their free-exercise rights, triggering the strict-scrutiny test codified in RFRA. As we noted in Korte, this “is an exacting standard, and the government bears the burden of satisfying it.” Id. at *2.
In response the government advances the same arguments as it did in Korte. To abbreviate, the government maintains that (1) a secular, for-profit corporation cannot assert a claim under RFRA; (2) relatedly, the free-exercise rights of the individual plaintiffs are not affected because their corporation is a separate legal entity; and (3) the mandate’s burden on their free-exercise rights is too remote and attenuated to qualify as “substantial” under RFRA because the decision to use contraception benefits is made by third parties — individual employees, in consultation with their medical providers. We addressed these arguments in our order in Korte, and nothing presented here requires us to reconsider that prior ruling. Here, as in Korte, the Grote Family’s use of the corporate form is not dispositive of the claim. See Korte, 2012 WL 6757353, at *3 (citing Citizens United v. Fed. Election Comm’n, 558 U.S. *855 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010)). And the government’s minimalist characterization of the burden continues to obscure the substance of the religious-liberty violation asserted here. Id. The members of the Grote Family contend that their faith forbids them to facilitate access to contraception by paying for it, as the mandate requires them to do.
And as in Korte, the government has not, at this juncture, made an effort to satisfy strict scrutiny. In particular, it has not demonstrated that requiring religious objectors to provide cost-free contraception coverage is the least restrictive means of increasing access to contraception. Although we again reserve plenary review of the merits for later in this appeal, for the reasons explained more thoroughly in our order in Korte, at *2-5, we conclude that the Grote Family and Grote Industries have established a reasonable likelihood of success on the merits of their RFRA claim. We also conclude that they will suffer irreparable harm absent an injunction pending appeal, and the balance of harms tips in their favor.
IT IS ORDERED that the motion for an injunction pending appeal is GRANTED. The defendants are enjoined pending resolution of this appeal from enforcing the contraception mandate against the Grote Family and Grote Industries.
IT IS FURTHER ORDERED that this case is consolidated with Korte. Oral argument will be scheduled by separate order when briefing has been completed.

. The individual plaintiffs are William D. Grote, III; William Dominic Grote, IV; Walter F. Grote, Jr.; Michael R. Grote; W. Frederick Grote, III; and John R. Grote. For ease of reference, we refer to them collectively as the Grote Family. Grote Industries consists of two companies formed under the laws of Indiana: Grote Industries, LLC, and Grote Industries, Inc. The Grote Family, including members not listed as plaintiffs, fully own Grote Industries, Inc. This entity, in turn, serves as the managing member of Grote Industries, LLC.

. We evaluate a motion for an injunction pending appeal using the same factors and "sliding scale” approach that govern an application for a preliminary injunction. See Cavel Int'l, Inc. v. Madigan, 500 F.3d 544, 547-48 (7th Cir.2007). The moving party must establish that it has "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits.” Ezell v. City of Chicago, 651 F.3d 684, 694 (7th Cir.2011). Once the threshold requirements are met, the court weighs the equities, balancing each party’s likelihood of success against the potential harms. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S., Inc., 549 F.3d 1079, 1100 (7th Cir.2008). The more the balance of harms tips in favor of an injunction, the lighter the burden on the party seeking the injunction to demonstrate that it will ultimately prevail. Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 12 (7th Cir.1992).

. RFRA prohibits the federal government from imposing a "substantial[ ] burden [on] a person's exercise of religion even if the burden results from a rule of general applicability” unless the government demonstrates that the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.” 42 U.S.C. § 2000bb-l(a)-(b).