KAREN NELSON MOORE, Circuit Judge,
dissenting.
I agree with the majority that United States v. Ross, 708 F.3d 856 (6th Cir.2012), controls this case. As in Ross, I believe that we cannot, based on the record before us, make a conclusive determination regarding standby counsel’s performance. The record does show, for instance, that standby counsel was contacted by phone during Martin’s mental evaluation, and may have received a copy of this evaluation prior to Martin’s competency hearing. The record also shows that standby counsel was present at Martin’s competency hearing, where she promised to provide Martin with copies of some legal documents. To be sure, the record does not otherwise speak to the extent of standby counsel’s preparation. But that, in my view, is why an evidentiary hearing is warranted in this case. As in Ross, I believe that such a hearing would help clarify whether standby counsel actually provided Martin with “meaningful adversarial testing,” a question that we cannot yet answer based on the record in front of us.
For the foregoing reasons, instead of vacating Martin’s conviction, I would grant the government’s motion for a limited remand for an evidentiary hearing.